# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

NICHOLAS CALABRESE, *et al.*

No. 02 CR 1050-10
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Defendant Anthony Doyle ("Defendant" or "Doyle") was convicted of a racketeering conspiracy.  Now, the Government seeks detention, whereas Defendant wants bail.  The Government argues that detention is essentially mandatory because Doyle was convicted of a crime of violence.[1]  There was ample evidence of violence in this case, but not all of the predicate offenses alleged violence.  Accordingly, Defendant argues that he may well have been convicted on the basis of agreeing to two predicate acts that did not involve violence.  And there are at least two possibilities: obstruction of a criminal investigation and interstate travel in aid of racketeering. The jury was not asked, either by the Government or by Defendant, to return a special verdict specifying the particular predicate acts upon which the Doyle verdict was based.  Thus, Doyle argues that it cannot be found that he was convicted of a crime of violence.

A defendant convicted of a racketeering conspiracy cannot necessarily be said to have committed a crime of violence, even if evidence of violent acts is presented in the course of  trial.  *See United States v. Bates*, 799 F.Supp. 900 (N.D. Ill. 1992).  In *Bates*, the prosecution abandoned, for purposes of trial at least, the allegations of violence which might have established

---

[1]A crime of violence is one in which an act of violence (actual, attempted or threatened physical force against person or property) is an element of the offense.  Crimes of violence may include those felonies, which, by their nature, involve substantial risk of violence.

there was a crime of violence. After securing a conviction, the Government tried to use the violent predicate acts that were charged in the indictment (but not presented at trial) in order to secure enhanced penalties. The district judge refused to consider those predicate acts for sentencing purposes. The essential lesson of that case, therefore, is that one cannot be convicted of a crime which, in the eyes of the jury, had not been charged.

Here the crime of violence was charged and continued detention would not simply be founded on the premise that there was evidence of violence. Under these circumstances, a trial court can make an informed judgment as to whether there was a conviction of a crime of violence. A jury's verdict should be read in light of the way the case was argued and, although this does not always allow a trial judge to reach a clear conclusion about what the jury did, this reading often allows a reliable judgment about what the verdict meant.

In this case, it is clear that the jury concluded that Doyle committed a crime of violence. The key pieces of evidence against Defendant were the recordings of his own actions and words. Against this, the key defense evidence was Doyle's own testimony. On the witness stand, Doyle asserted that the recordings simply portrayed a man giving support to an old friend from his youth. He further stated that he had no intention of doing anything more than listening. He argued that he never intended to do anything to help Frank Calabrese, Sr. beyond what he would have done for any member of the general public.

Doyle's attorneys and the Government skirmished over the appropriateness of a police officer engaging is this conduct with a convicted felon. In addition, they clashed over the actions Doyle did take with respect to evidence retained in connection with a murder investigation. The crucial question, however, was whether Doyle was just "playing along" with Frank Calabrese,

Sr., or whether he was willing (and agreeing) to engage in acts of violence. To decide this, the jury had to make up its mind about whether Doyle was serious when he threatened or advocated threatening violence against another person.[2]

This is the battle that Doyle necessarily lost. Had the jury found that he was just "playing along" with this comment, it is not realistic to conclude that he would have been convicted of anything. This is so because his whole defense was based on the premise that his conversations were meant to mollify the angst of Frank Calabrese, Sr. In short, the jury found that Doyle was part and parcel of a racketeering conspiracy that used violence to achieve its goals. At the very minimum, this is a felony that by its very nature involves a substantial risk that physical force will be exerted against the person of another.

I would not grant bail for this crime of violence. I do not find that there is a substantial likelihood of acquittal or new trial. However, I am also satisfied, by clear and convincing evidence, that the risk of flight is not substantial. The assets which secure his continued appearance before this court are of significant value. In particular, they are valuable to his friends and relatives, on whom he would not want to impose the consequences of absconding. The primary issue here, in my view, is whether the defendant Doyle poses a danger to the safety of any other person or the community if released.

In general, a person found guilty of a federal offense is not eligible for release pending sentencing unless the judge "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). Because I conclude that Doyle was convicted of a crime of violence, the

---

[2] The phrase he used was "shock treatment."

3

threshold is even higher. In this case, the burden makes no difference, because I believe that the evidence at trial has shown that he is a danger to the community. His conduct while on bail was proper, but, having heard his evidence, I find that he was convinced that he had a decent chance for acquittal. That is, he felt that there was a good chance that the jury would find that the burden of proof beyond a reasonable doubt had not been met. It was not in his interest to do anything to interfere with that chance. Now these plans are wrecked. The evidence at trial proved that he has a strong personal loyalty to Frank Calabrese, Sr. The evidence showed that Mr. Calabrese, Sr. is an advocate and practitioner of lethal violence and that he does not hesitate to enlist others to do his violence. In addition, Mr. Calabrese displayed a profound lack of control of his own emotions at trial. I have no doubt that Frank Calabrese, Sr. would be willing to take steps against those who testified against him (most of whom are not under federal protection) even if it was against his interest to do so. I am further convinced that barring direct communication from Frank Calabrese, Sr. to Doyle would not prevent indirect communication. The risk that defendant Doyle would attempt to assist Frank Calabrese, Sr. is too high to be disregarded. Given some of the poor choices made by Doyle in the course of his own testimony, I think there is an unacceptable risk that he might make similar poor choices if released.

Even without the risk posed by his relationship with another defendant, Doyle is in a fairly desperate state. He has a wife (for whom he cares and whom he supports) who is not in good health. Doyle has family here, but they are unable to help his wife in Arizona. He reasonably fears that he will lose his police pension. In addition, he is a man skilled in the ways of crime and criminals. A desperate man in his position presents a risk to the community, not merely because desperate people often do desperate things, but because Doyle would believe he

has a better chance of succeeding than would the average person.  The exceptional circumstances

that he recites (and I accept as true) with respect to his wife's plight do not, in light of the

evidence in this case, support his release on bail.  Instead, they increase, in my judgment, the risk

of danger to the community if he is released.

The motion for bail is denied.


ENTER:

_James B. Zagel_

James B. Zagel
United States District Judge

DATE:  October 17, 2007